IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FILED

NOV − 1 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.   1:22CR00156MTS-ACL |
| vs. | ) |
| | ) |
| MATTHEW A. PREWETT, | ) 18 U.S.C. §§ 2251(a) and (e) |
| | ) |
| Defendant. | ) |

## **INDICTMENT**

### **Count I**

THE GRAND JURY CHARGES THAT:

Beginning at a time unknown to the Grand Jury, but including between on or about

December 1, 2021, and on or about May 4, 2022, in Dunklin County and elsewhere within

the Southeastern Division of the Eastern District of Missouri,

**MATTHEW A. PREWETT,**

the defendant herein, did knowingly employ, use, persuade, induce, and entice "Victim

C.C." who was a thirteen-year-old minor female, to engage in sexually explicit conduct for

the purpose of producing visual depictions of such conduct, and attempted to employ, use,

persuade, induce, and entice "Victim C.C." to engage in sexually explicit conduct for the

purpose of producing visual depictions of such conduct, knowing and having reason to

know that such visual depictions would be transported and transmitted using a means and

facility of interstate and foreign commerce, and in and affecting interstate and foreign

commerce, and such visual depictions were produced using materials that had been mailed,

shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so, in violation of Title 18, United States Code, Section 2251(a), and punishable under Title 18, United States Code, Section 2251(e).

## Count II

THE GRAND JURY FURTHER CHARGES THAT:

Beginning at a time unknown to the Grand Jury, but including between on or about October 1, 2017, and on or about May 4, 2022, in Dunklin County and elsewhere within the Southeastern Division of the Eastern District of Missouri,

**MATTHEW A. PREWETT,**

the defendant herein, did knowingly employ, use, persuade, induce, and entice minor children, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and attempted to employ, use, persuade, induce, and entice minor children to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and such visual depictions were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so, in violation of Title 18, United States Code, Section 2251(a), and punishable under Title 18, United States Code, Section 2251(e).

FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count I of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.     Specific property subject to forfeiture includes, but is not limited to, the following:   any and all electronic devices seized during the investigation of this matter.

3.     If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____
FOREPERSON

SAYLER A. FLEMING,
United States Attorney


_____
Julie A. Hunter, #51612 MO
Assistant United States Attorney